GOTTLIEB LEY, Respondent, v. FIRST NATIONAL BANK OF ASHLEY, NORTH DAKOTA, a Corporation, Appellant.

(212 N. W. 841.)

**Equity — applies when plaintiff is without remedy at law.**

1. The maxim "He who seeks equity must do equity" applies only to cases where plaintiff is wholly without a remedy at law, and is entirely dependent on a court of equity for relief.

**Set-off and counterclaim — defendant cannot plead in defense of wrongful act a counterclaim against plaintiff.**

2. In an action to recover for the wrongful taking and conversion of property, to ascertain the amount and value of the same, and that such value be declared a trust fund for the benefit of the plaintiff, the defendant cannot plead in defense of his wrongful act a counterclaim against plaintiff, of a joint indebtedness of plaintiff, and another, to the defendant.

**Set-off and counterclaim — defendant not permitted to take advantage of his wrong.**

3. The taking and conversion of the plaintiff's property by the defendant in the case at bar was a wrongful act, and under § 7251, Comp. Laws 1913, the defendant cannot take advantage of his own wrong.

Opinion filed March 22, 1927.

Equity, 21 C. J. § 151 p. 172 n. 13; § 152 p. 175 n. 23, 24; § 153 p. 175 n. 25, 26,

Annotation.—(1) Application of maxim "He who seeks equity must do equity," see 10 R. C. L. 392; 2 R. C. L. Supp. 1009; 4 R. C. L. Supp. 664; 5 R. C. L. Supp. 553; 6 R. C. L. Supp. 610.

27; § 157 p. 178 n. 50, 52; § 163 p. 180 n. 89; § 165 p. 183 n. 12, 13, 14. Recoupment, Set-Off and Counter-Claim, 34 Cyc. p. 668 n. 63; p. 727 n. 18.

Appeal from the District Court of McIntosh County, *McKenna*, J. Affirmed.

*W. H. Stutsman,* for appellant.

*Curtis & Remington,* for respondent.

BURKE, J.  This is an action to recover the proceeds of an undivided one-fourth interest in a crop raised on a quarter section of land in McIntosh county, in 1925.

The defendant admits the taking, and the disposition of all of the crop raised on said land in 1925, but denies that the plaintiff had any interest in such crops, and further alleges, that if plaintiff had any interest in the crop, it was voluntarily surrendered by the plaintiff, to the defendant to be applied on an indebtedness of John Ley, a brother of the plaintiff, and the said defendant sets up in a counterclaim, alleging that the plaintiff was liable to the defendant jointly and severally with his brother John Ley, by reason of plaintiff having signed the notes with the said John Ley, which notes represent the indebtedness upon which the proceeds of said crop applied.

The plaintiff replied to the counterclaim, alleging, that the property which he seeks to have held in trust for him was, and is, to him exempt, and the defendant is by unconscionable conduct estopped from asserting a counterclaim.  The plaintiff further alleges that the debt upon which the proceeds of the crop were applied was the debt of John Ley; that the plaintiff signed the note or notes as surety only; that said note was amply secured by chattel mortgages upon horses, live stock and the farm machinery of said John Ley; that the defendant wrongfully appropriated the property and money of this plaintiff to the payment of said obligation, delivered all of said notes to the said John Ley, satisfied the mortgages, and allowed the said John Ley to remove his property from the state, and to sell and dispose of the same, and thus destroyed all rights of the plaintiff to be subrogated to the rights of the said defendant.  Plaintiff further alleges that the notes are void, not having been executed in conformity with chapter 91, Sess. Laws of 1921, in relation to renewal notes.

The trial court found as facts that John Ley and Gottlieb Ley, the plaintiff, each owned a one half interest in said land, that the plaintiff owned a one-fourth interest and John Ley a three-fourths interest in the said crop raised on said land in 1925; that the defendant had both actual and constructive notice of the rights of the plaintiff in said land and in said crop. That the total proceeds of said crop amounted to $2,766.24, and one-fourth interest of the plaintiff amounted to $691.93, that in the fall of 1925, the defendant through its officers took possession of said crops and shipped them in the joint names of the defendant and the said John Ley to a grain concern outside the state of North Dakota; that the proceeds of the said crop were remitted to and received by defendant, and the said John Ley jointly, and the defendant deposited the same in the account of said John Ley, and on the 17th day of October, 1925, the defendant appropriated to itself out of the funds deposited to the credit of the said John Ley the sum of $1,953.80, applied the same on the indebtedness of John Ley, and the balance of said funds were by the said John Ley checked out and used by him for his own private purpose, and that all the acts of the defendant in the disposition of the crop and the proceeds thereof were without the consent or acquiescence of the plaintiff. As conclusions of law the trial court found that the defendant is bound to account to plaintiff for one-fourth of the proceeds of said crop, and that upon such account the defendant is found to hold in trust for the plaintiff the sum of $691.63.

We have read the testimony very carefully and we are of the opinion that it supports the findings of the trial court.

The defendant attempts to invoke the maxim that, "He who seeks equity must do equity," and since the defendant was liable on the notes upon which the proceeds were applied the plaintiff cannot complain without paying the debt. 21 C. J. § 152, p. 174 and § 153, p. 175, states the rule as follows:

"The application of this maxim has been restricted to suits in equity, and to cases where plaintiff is wholly without remedy at law, and is entirely dependent on a court of equity for relief. Where a party has a legal right, capable of being effectually asserted at law and asks for the assistance of a court of equity, because of some serious, although not insurmountable, difficulty at law, such as the taking of an account,

the necessity of a discovery, the existence of a trust, or upon some collateral ground, such as to prevent an improper disposition of a subject pledged for the security of a debt, by which the rights of the party complaining may be affected, the court can impose no condition upon the mere ground that the party applies to it for relief, and is bound to give that relief according to the legal rights of the parties."

"The maxim should be applied only to cases where the result that would be worked out without its aid would be against equity and good conscience. The party seeking relief is not required to sacrifice his own rights."

It is clear that the maxim applies only in cases wholly without a remedy at law. The plaintiff is not wholly without a remedy at law. His property was taken, sold and the proceeds converted. There is an action at law for conversion, but the plaintiff alleges in his complaint that he does not know how much grain was raised on the land, and the value thereof, and he appeals to equity to help discover the amount of grain the proceeds thereof and to declare the same a trust for the benefit of the plaintiff. It is squarely within the exceptions to the rule. The defendant through its officers knew that plaintiff owned a half interest in the land and according to the findings it knew the defendant owned one-fourth of the crop and without the knowledge or consent of the plaintiff the defendant took the plaintiff's property, sold it, converted the proceeds to its own use and benefit, and to permit the defendant to maintain his counterclaim would permit him to take advantage of his own wrong.

21 C. J. p. 178, § 157: "The maxim that he who seeks equity must do equity will not be applied in favor of one guilty of actual fraud, by requiring restoration to him in such manner as to enable him to obtain any advantage or security in the perpetration of the fraud. In such case the maxim that he who comes into court must come with clean hands is applicable and controls. Where defendant's act is against public policy the same doctrine applies."

The defendant has come in asking for affirmative relief for the allowance of his counterclaim, and he must come in with "clean hands."

21 C. J. § 165, p. 183: "The maxim operates so as to exclude aid or deny relief to or from conduct which is fraudulent, illegal, or unconscionable. The misconduct need not necessarily be of such nature as

to be punishable as a crime, or actually fraudulent, or constitute the basis of legal action. Any willful act in regard to the matter in litigation, which would be condemned and pronounced wrongful by honest and fair-minded men will be sufficient to make the hands of the applicant unclean."

The taking and conversion of plaintiff's property by the defendant was wrong, and the defendant cannot be permitted to take advantage of that wrong. Comp. Laws 1913, § 7251.

The judgment is affirmed.

BIRDZELL, Ch. J., and CHRISTIANSON, NUESSLE, and BURR, JJ., concur.